## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION



**ANDREA DUPREE**                                   **PLAINTIFF**

v.                            CIVIL ACTION NO. 3:10CV537 DPJ-FKB

**JACKSON HMA LLC D/B/A**
**CENTRAL MISSISSIPPI MEDICAL CENTER**
**NATASHA HARDEMAN, M.D.;**
**DAVID M. BARNETT, M.D.; KEN E. CLEVELAND, M.D.;**
**H.G. FISER, M.D.; BRAD COSGROVE, CRNA; AND**
**JOHN DOES 1-10**                            **DEFENDANTS**

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, JACKSON DIVISION

Honorable Eddie Jean Carr
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

CIRCUIT CLERK FOR HINDS COUNTY

Honorable Louis H. Watson, Jr.
628 N. State Street
Jackson, MS 39202-3303

ATTORNEY FOR PLAINTIFF

Pursuant to 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 and other applicable law, Defendant Natasha N. Hardeman ("Dr. Hardeman"), subject to all her defenses, including her Rule 12 defenses, the Mississippi Tort Claims Act, the Federal Tort Claims Act and her right to Westfall Act substitution of the United States of America in her stead as Defendant in this Action, hereby removes this case and gives notice of the removal of this Action from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern

1

District of Mississippi, Jackson Division. As grounds for this removal, Dr. Hardeman states as follows:

1. This Action was commenced by Plaintiff Andrea Dupree on or about May 12, 2010 by the filing of a Complaint ("Complaint") in Cause No. 251-10-358 CIV in the Circuit Court of Hinds County, Mississippi, First Judicial District. Copies of all process, pleadings, and orders or record in this Action, as well as those served on Dr. Natasha Hardeman, are attached to this Notice of Removal as Exhibit A and are incorporated herein by reference.

2. Dr. Hardeman was putatively served with process on or about July 12, 2010.

3. Dr. Hardeman files this Notice of Removal expressly subject to subject to all her defenses, including her Rule 12 defenses, his Federal Tort Claims Act defenses, her Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* defenses and her right to Westfall Act substitution of the United States of America in her stead as Defendant in this Action, as well as her or the U.S.A.'s right to move for dismissal of Dupree's claims.

4. 28 U.S.C. § 2679 provides that an action against an employee or officer of the United States "shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." This removal is therefore timely under 28 U.S.C. § 2679.

5. This Action is one of a civil nature, wherein the United States District Court for the Southern District of Mississippi, Jackson Division, has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442, 1442a, 1446, 2679 and other applicable law.

6. The allegations in Dupree's Complaint allege medical malpractice in connection with her total abdominal hysterectomy/bilateral salpingo-oophorectomy that was performed at

Central Mississippi Medical Center located in Hinds County, Mississippi on or about March 17, 2008. She alleges that Dr. Hardeman and other named defendants breached the requisite standard of care during the course of the operation.

7. Dr. Hardeman was an employee of the federal government acting within the course and scope of her employment during all relevant times alleged in the Complaint.

8. As such, for purposes of the Federal Tort Claims Act, she is statutorily deemed a federal employee for the time period in question. *See* 28 U.S.C. § 2671(emphasis added)(for purposes of FTCA protections, "<u>Employee of the government" includes (1) officers or employees of any federal agency</u>, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation").

9. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Hinds County, Mississippi.

### Federal Question and Federal Tort Claims Act Jurisdiction

10. This Action could have been filed originally in this Court pursuant to 28 U.S.C. § 1331, as this Court has federal question jurisdiction of certain putative claims asserted by Dupree against Dr. Hardeman.

11. Further, Dupree's putative claims arise under, necessarily turn upon, or are completely preempted by the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.* Thus, Dupree's putative claims invoke a federal question.

12. 28 U.S.C. § 2679 provides in relevant part that:

**(a)** The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

**(b)(1)** The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

….

**(c)** The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

**(d)(1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

**(2)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident

out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

....

**(4)** Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

28 U.S.C. § 2679.

13.    Additionally and alternatively, Dupree's state law claims turn on substantial, disputed questions of federal law, which are necessary elements of some of the purported state law claims. It has long been the rule that "[w]here the vindication of a right under state law necessarily turn[s] on some construction of federal law," federal jurisdiction is exposed. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

14.    Additionally and alternatively, some or all of Dupree's claims are field-preempted or subject to "complete preemption" by the FTCA, related federal statutes and/or regulations.

15.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Dr. Hardeman's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); (9) waiver, (10) qualified or other immunities; (11) Eleventh Amendment immunity; or (12) any other pertinent defense

available under Miss. or Fed. R. Civ. P. 12, any state or federal statute or constitution or otherwise.

WHEREFORE, Dr. Hardeman files this Notice of Removal and removes this civil action from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division. Dupree is hereby notified to proceed no further in state court.

This the 27th day of September, 2010.

Respectfully submitted,

NATASHA N. HARDEMAN, M.D.

DONALD R. BURKHALTER
UNITED STATES ATTORNEY

Edward O. Pearson (MSB #4080)
Assistant United States Attorney
UNITED STATES ATTORNEYS OFFICE
Suite 500
188 East Capitol Street
Jackson, MS 39201
Telephone:  (601) 965-4480
Facsimile:  (601) 965-4409
E-mail:  eddie.pearson@usdoj.gov

## CERTIFICATE OF SERVICE

I, Edward O. Pearson, one of the attorneys for Defendant Michael M. Majors, do certify that I have this day caused another true and correct copy of the foregoing instrument to be delivered to the following, via the means directed by the United States District Court ECF System or as otherwise denominated below:

**Via U.S. Mail Postage Prepaid**
Honorable Eddie Jean Carr
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

CIRCUIT CLERK FOR HINDS COUNTY

Honorable Louis H. Watson, Jr.
628 N State Street
Jackson, MS 39202-3303
louis@louiswatson.com

ATTORNEY FOR THE PLAINTIFF

This the 27th day of September, 2010.

Edward O. Pearson (MSB #4080)
Assistant United States Attorney