## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
## HINDS COUNTY, MISSISSIPPI

**ANDREA DUPREE**                                                                                    **PLAINTIFF**

# FILED
MAY 1 2 2010

BARBARA DUNN, CIRCUIT CLERK

**VS.**                                          **CAUSE NO.** _25L-10-358_ _CIV_

BY_____D.C.

**JACKSON HMA LLC D\B\A**
**CENTRAL MISSISSIPPI MEDICAL CENTER;**
**NATASHA N. HARDEMAN, M.D.;**
**DAVID M. BARNETT, M.D.; KEN E. CLEVELAND, M.D.;**
**H.G. FISER, M.D.; BRAD COSGROVE, CRNA; AND**
**JOHN DOES 1-10**                                                   **DEFENDANTS**

### COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff files this her Complaint against the Defendants alleging the following:

### PARTIES

1.     Plaintiff Andrea Dupree, is an adult resident citizen of Hinds County, Mississippi who resides at: 131 Owsley Street, Jackson, Mississippi 39209.

2.     Defendant Jackson HMA LLC d/b/a Central Mississippi Medical Center is a Mississippi corporation authorized to do business in the State of Mississippi. Defendant may be served with process through its registered agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. The actions of each of its servants, agents and/or employees as set forth herein, are thereby imputed to it.

3.     Defendant Natasha N. Hardeman, M.D., is an adult resident citizen of Mississippi who may be served with process at 1020 River Oaks Drive, Jackson, Mississippi 39232.

4.      Defendant David M. Barnett, M.D., is an adult resident citizen of Mississippi who may be served at 1867 Crane Ridge Drive, Suite 250A, Jackson, Mississippi 39216.

5.      Defendant Ken E. Cleveland, M.D., is a adult resident citizen of Mississippi who may be served at 1900 North State Street, #502, Jackson, Mississippi 39202.  Dr. Cleveland may also be served through his counsel Whitman B. Johnson III.

6.      Defendant H.G. Fiser, M.D., is an adult resident citizen of Mississippi who may be served at 1190 North State Street, #502, Jackson, Mississippi 39202.  Dr. Fiser may also be served through his counsel Whitman B. Johnson III.

7.      Defendant Brad Cosgrove, CRNA, is an adult resident citizen of Mississippi who may be served at 1850 Chadwick Drive, Jackson, Mississippi 39204.

## JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over the parties identified in this Complaint.

9.      This Court has subject matter jurisdiction over the claims contained in this Complaint.

10.     Venue is proper in this Court.

## STATEMENT OF FACTS

11.     Plaintiff Andrea Dupree brings this civil action for medical malpractice in connection with her total abdominal hysterectomy/bilateral salpingo-oophorectomy that was performed at Central Mississippi Medical Center located in Hinds County, Mississippi on or about March 17, 2008.

12.     During the operation, Doctors Hardeman, Cleveland, Fiser and Barnett, and Nurse Cosgrove, were present and participated as medical care providers.

13.     During the procedure, Dr. Barnett, the anesthesiologist, and Nurse Cosgrove, the CRNA, breached the requisite standard of care by inserting the endotrachial tube into Andrea Dupree's right main stem bronchus and failing to exercise reasonable care to discover such misplacement.

14.     By virtue of such faulty intubation, Andrea Dupree was deprived of oxygen to her left lung, and, during the course of her operation, her left lung collapsed and she became hypoxemic, hypotensive and tachycardiac.

15.     In view of such faulty tubation, Dr. Hardeman breached the requisite standard of care by commencing the operation.

16.     Due to the presence of numerous adhesions, Dr. Cleveland was called in to assist with adhesiolosis so that Dr. Hardeman could continue the operation.

17.     Subsequently, Dr. Fiser was also called in to further assist with adhesiolosis so that Dr. Hardeman could conclude the operation.

18.     Doctors Hardeman, Cleveland and Fiser each breached the requisite standard of care by failing to properly suture and close the various incisions made by them during the course of the operation.

19.     When Andrea Dupree became hypoxemic, hypotensive and tachycardiac during the course of the operation, Dr. Hardeman again breached the requisite standard of care by closing the patient up while she was still hemorrhaging internally from the various abdominal wounds that had not been previously, properly sutured and closed by Doctors Hardeman, Cleveland and Fiser during the course of the operation.

-3-

20.     After the surgery had been finally concluded, Andrea Dupree was removed to the CVR unit, where chest x-rays and CT scans disclosed the right main stem bronchial intubation, and the ET tube was finally repositioned properly. However, Andrea Dupree remained unconscious and on a ventilator.

21.     Overnight, Andrea Dupree's condition worsened.

22.     Ms. Dupree lost so much blood that her abdomen became distended.

23.     At one point Ms. Dupree was coded.

24.     A second surgery was performed on March 18, 2008 to stop the bleeding.

25.     This second surgery revealed bleeding from the right portion of her cuff, from that portion of her bowel that had been dissected down off of her uterus during the previous surgery, from the ovarian area where her bowel had been resected during the previous surgery, and from other areas within her abdomen.

26.     Andrea Dupree managed to survive despite these repeated acts of medical malpractice.

## COUNT I

### NEGLIGENCE AS TO DEFENDANT JACKSON, HMA, INC. D/B/A CENTRAL MISSISSIPPI MEDICAL CENTER

27.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 26.

28.     Defendant CMMC owed a duty to its patients, including Andrea Dupree, to provide that standard of medical care that a reasonably competent and similarly situated hospital would render under similar circumstances.

29.     Defendant's employees owed a duty to patients, including Andrea Dupree, to exercise reasonable care in providing care and services in a safe and reasonable manner.

30.     Defendant breached this duty by failing to deliver care and services that a reasonably prudent hospital would have provided under similar circumstances and by failing to prevent the gross neglect and near death of Andrea Dupree.

## COUNT II

## NEGLIGENCE AS TO DR. DAVID M. BARNETT AND NURSE BRAD COSGROVE

31.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 30.

32.     Defendant Dr. Barnett and Defendant Nurse Cosgrove, in their treatment and care of Andrea Dupree, were required to possess and exercise that degree of reasonable skill, care, competence, and prudence normally exercised by a reasonably competent and prudent physician and nurse under like circumstances.  Both Defendants failed to exercise that degree of skill and care and were negligent.

33.     Specifically, during the procedure, Dr. Barnett, the anesthesiologist, and Nurse Cosgrove, the CRNA, breached the requisite standard of care by inserting the endotrachial tube into Andrea Dupree's right main stem bronchus and failing to exercise reasonable care to discover such misplacement.

34.     By virtue of such faulty intubation, Andrea Dupree was deprived of oxygen to her left lung, and, during the course of her operation, her left lung collapsed and she became hypoxemic, hypotensive and tachycardiac.

42.     When Andrea Dupree became hypoxemic, hypotensive and tachycardiac during the course of the operation, Dr. Hardeman again breached the requisite standard of care by closing the patient up while she was still hemorrhaging internally from the various abdominal wounds that had not been previously, properly sutured and closed by Doctors Hardeman, Cleveland and Fiser during the course of the operation.

43.     At all times in their and treatment of Andrea Dupree, Defendants Dr. Hardeman, Cleveland and Fiser were acting both individually and as an agent of Defendant CMMC.  Their negligent acts and/or omissions are, therefore, also imputed to Defendant CMMC.

## COUNT IV

## NEGLIGENCE OF DEFENDANTS JOHN DOES 1-10

44.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 43.

45.     Defendants John Does 1-10 were required to exercise such reasonable care and attention for Ms. Dupree's safety as her physical condition required.  Defendants John Does 1-10, individually and/or through their employees or other agents, failed to exercise that degree of care and attention, and were negligent by failing to provide appropriate and competent medical care to Ms. Dupree and by failing in other respects as will be shown through discovery.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that the Court cause service to issue in the cause upon the Defendants and that this matter be set for trial.  Upon trial by jury thereon, Plaintiffs pray that the following relief be granted:

a.   Compensatory damages against Defendants in an amount to be determined by the jury. The specific nature of the loss sustained and the injuries suffered by Andrea Dupree include but are not limited to the following:

  i.   A second surgery that would have been unnecessary except for the medical malpractice as hereinabove set forth;

  ii.   An extended hospital stay that would have been unnecessary except for the medical malpractice as hereinabove set forth;

  iii.   Loss of bladder control;

  iv.   Pain and suffering;

  v.   Loss of short term memory;

  vi.   Persistant headaches;

  vii.   Medical expenses; and

  viii.   Loss of wages and wage earning capacity.

b.   Punitive damages against Defendants in an amount to be determined by the jury;

c.   All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Mississippi law; and

d.   Such further relief as is deemed just and proper.

-8-

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

ANDREA DUPREE                                 **PLAINTIFF**

VS.                                 **CAUSE NO.** _____

JACKSON HMA LLC D\B\A
CENTRAL MISSISSIPPI MEDICAL CENTER;
NATASHA N. HARDEMAN, M.D.;
DAVID M. BARNETT, M.D.; KEN E. CLEVELAND, M.D.;
H.G. FISER, M.D.; BRAD COSGROVE, CRNA; AND
JOHN DOES 1-10                           **DEFENDANTS**

## CERTIFICATE

Pursuant to Mississippi Code Annotated § 11-1-58, the undersigned attorney, Louis H. Watson, Jr., for the Plaintiff Andrea Dupree, certifies to the Court as follows:

1.  Mr. Watson has reviewed the facts of this case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence.

2.  Mr. Watson believes the consulted expert is knowledgeable in the relevant issues involved in this matter.

3.  Mr. Watson has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Dated this the 12th day of May, 2010.

Louis H. Watson, Jr., attorney for the
Plaintiff