UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDREA DUPREE                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:10CV537-DPJ-FKB

JACKSON HMA LLC d/b/a CENTRAL
MISSISSIPPI MEDICAL CENTER,
NATASHA HARDEMAN ET AL.                                                      DEFENDANTS

ORDER

This medical-malpractice dispute is before the Court on the Motion to Dismiss, or

Alternatively for Summary Judgment [6, 8] filed by the United States.  Andrea Dupree has

responded in opposition.[1]  The Court, having considered the submissions of the parties and the

pertinent authorities, finds that Defendant's Motion should be granted.

I.        Facts and Procedural History

Plaintiff Andrea Dupree brings this civil action for medical malpractice in connection

with her total abdominal hysterectomy/bilateral salpingo-oophorectomy performed at Central

Mississippi Medical Center ("CMMC") on March 17, 2008.  Dupree alleges that Dr. Natasha

Hardeman and other defendants breached the requisite standard of care during the course of the

operation.

On May 12, 2010, Plaintiff filed the current action in the Circuit Court of the First

Judicial District of Hinds County, Mississippi.  But on September 27, 2010, the United States

Attorney for the Southern District of Mississippi certified that Dr. Hardeman's employment with

the Central Mississippi Civic Improvement Association, Inc., d/b/a/ Jackson-Hinds

---

[1]  Dupree also submitted additional briefing requested by the Court.

Comprehensive Health ("Health Center") qualified her as a federal employee.  Certification [2].

The Government then removed the action to this Court and substituted the United States as the

proper party defendant with respect to the claims against Dr. Hardeman pursuant to 28 U.S.C. §

2679(2).  In its Notice of Removal [1], the United States maintained that Dr. Hardeman is

statutorily deemed a federal employee for the time period in question and is therefore entitled to

protection under the Federal Torts Claims Act ("FTCA").  *See* Notice of Removal [1] ¶ 8.  That

contention has not been disputed.

Following removal, the United States moved to dismiss, or alternatively for summary

judgment, as to all claims against it as the substituted party for Dr. Hardeman.  In support of its

Motion, the United States contends that Dupree failed to exhaust administrative remedies under

the FTCA as required by 28 U.S.C. § 2401.  The Motion does not impact Dupree's claims

against the remaining defendants.

II.     Analysis

    A.     The FTCA

As a sovereign, the United States is immune from suit unless it consents to be sued.

*United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Over the years, Congress has carved into

the Government's immunity through various waivers.  As to scope,  "[a] waiver of the Federal

Government's sovereign immunity must be unequivocally expressed in statutory text" and "will

be strictly construed . . . in favor of the sovereign."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Through the FTCA,[2] Congress waived the United States's sovereign immunity for claims

arising out of torts committed by federal employees.  *See United States v. Kubrick*, 444 U.S. 111,

---

[2]The FTCA is embodied in 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671–80.

117 (1979).  Section 2679 provides that a suit against the United States is the exclusive remedy

for damages for injury "arising or resulting from the negligent or wrongful conduct of any

employee of the Government while acting within the scope of his office or employment."  28

U.S.C. § 2679(b)(1) (2006).

Congress, however, attached conditions to this waiver of sovereign immunity.  In

particular, the FTCA requires that a plaintiff first exhaust her administrative remedies before

commencing an action against the United States.  *See id.* § 2675(a).  The exhaustion requirement

provides that "[a]n action shall not be instituted upon a claim against the United States . . . unless

the claimant shall have first presented the claim to the appropriate federal agency."  *Id.*

Moreover, the FTCA requires that a plaintiff present a claim to the federal agency within two

years after the claim accrues, otherwise the claim "shall be forever barred."  *Id.* § 2401(b).

Here, the Government maintains that the Health Center was deemed eligible for FTCA

coverage under 42 U.S.C. § 233(g)–(n).  In addition, the Government avers that the coverage

extends to Dr. Hardeman's alleged acts in this case as an employee of the Health Center.  Def.'s

Mem. [7] at 7; *see* 42 U.S.C. § 233(g)(1)(A).  Dupree challenges neither contention.  As such,

Dr. Hardeman is entitled to FTCA coverage and Dupree's exclusive remedy is an action against

the United States.  28 U.S.C. § 2679(a).

B.     Accrual

Section 2401(b) bars tort claims against the United States unless first presented to the

appropriate federal agency "within two years after such claim accrues."  *Kubrick*, 444 U.S. at

113 (quoting § 2401(b)).  The first dispute in this case is whether Dupree's claim accrued on the

date she learned of her injury and its cause or when she "first became aware that Dr. Hardeman

was a federal employee."  Pl.'s Resp. [15] ¶ 5.

In *Kubrick*, the Supreme Court "adopted a 'discovery rule'" for FTCA medical-

malpractice cases "under which the time starts to run when the plaintiff has the information

necessary to discover 'both his injury and its cause.'" *Johnson v. United States*, 460 F.3d 616,

621 (5th Cir. 2006) (quoting *Kubrick*, 444 U.S. at 120).  But a plaintiff "need not know the legal

or medical significance of an act or an injury for the cause of action to accrue." *MacMillan v.*

*United States*, 46 F.3d 377, 381 (5th Cir. 1995).  Rather, the point of accrual is when the plaintiff

has "knowledge of facts that would lead a reasonable person (a) to conclude that there was a

causal connection between the treatment and injury or (b) to seek professional advice, and then

with that advice, to conclude that there was a causal connection between the treatment and

injury." *Id.* (quoting *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)).

Other circuits have expressly rejected Dupree's contention that claims accrue when the

plaintiff learns that the alleged tortfeasor is a government employee.  *See, e.g.*, *Ramos v. U.S.*

*Dep't of Health & Human Servs.*, No. 10-15020, 2011 WL 2342647, at *3 (11th Cir. June 14,

2011) (rejecting argument that claim accrued when plaintiff discovered that doctor was federal

employee); *Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008) (holding that

"plaintiffs' 'ignorance of the involvement of United States employees is irrelevant' to

determining when their claim accrues") (citing *Gould v. U.S. Dep't of Health & Human Servs.*,

905 F.2d 738, 743 n.2, 745 (4th Cir. 1990) (en banc) (holding that FTCA statute of limitations

"does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee") (other

citations omitted)); *Skwira v. United States*, 344 F.3d 64, 76 (1st Cir. 2003) ("In the medical

malpractice context, where the *personal* identity of the treating physician is usually known to the patient, knowledge of the *legal* status of the physician as a federal employee is not required for claim accrual.").

Thus, Dupree's claim accrued when she discovered the injury and cause, not when she learned that Dr. Hardeman was a federal employee. *See Bryant v. United States*, 96 F. Supp. 2d 552, 555 (N.D. Miss. 2000) (refusing to excuse plaintiff from the FTCA's two-year filing deadline due to his lack of knowledge that the original defendant was a federal employee). Dupree tacitly conceded that she learned of the injury and cause upon completion of the surgery. Based on the facts alleged in the Complaint, the Court finds that the claims accrued on or about March 17, 2008— the date of the subject operation.

C.      Equitable Tolling

Dupree's claim is time-barred under § 2401(b).  Thus, absent grounds for equitable tolling, the claim is moribund.  Dupree's Response made no argument based on equitable tolling—perhaps on the belief that it does not apply.  Nevertheless, the Government mentioned the defense in its Reply, and the Court was reluctant to dismiss the claim on procedural grounds without hearing from Dupree on this issue.  It therefore instructed Dupree to address equitable tolling in a supplemental memorandum, which she did in a short Response [17].

Equitable tolling of the FTCA statute of limitations is appropriate "where the principles of equitable tolling would ordinarily apply." *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999); *see also Irwin v. Dep't of Veterans Affairs* 498 U.S. 89, 95–96 (1990)).[3]  "The doctrine of

---

[3]Some debate exists as to whether equitable tolling applies in FTCA cases after the Supreme Court's holding in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). *See, e.g.*, *Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d 657, 673–74 (N.D.W. Va. 2010).  Because

equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations

would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting

*Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  But it is a device extended sparingly.

*Irwin*, 498 U.S. at 96.  And the party seeking equitable tolling bears the burden of justifying it.

*Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999).  Generally, a plaintiff seeking

equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In *Irwin*, the Supreme Court provided the following guidance for determining whether

equitable tolling is justified:

> We have allowed equitable tolling in situations where the claimant has actively
> pursued his judicial remedies by filing a defective pleading during the statutory
> period, or where the complainant has been induced or tricked by his adversary's
> misconduct into allowing the filing deadline to pass.  We have generally been
> much less forgiving in receiving late filings where the claimant failed to exercise
> due diligence in preserving his legal rights.

498 U.S. at 96 (citations omitted).  Furthermore, "the principles of equitable tolling . . . do not

extend to what is at best a garden variety claim of excusable neglect."  *Id.*  Regarding the FTCA

specifically, the Fifth Circuit has held that "equitable tolling is available where a plaintiff has

actively pursued judicial remedies but filed a defective pleading, [and] as long as the plaintiff has

exercised due diligence."  *Perez*, 167 F.3d at 917.

In *Perez*, the Fifth Circuit held that equitable tolling was proper.  There, Perez filed suit

in state court against the Texas National Guard one year after suffering her injury.  *Id.* at 915.

Approximately two years and five months after Perez filed the state court action, the Texas

---

Dupree is not entitled to equitable tolling even if it does apply, the Court need not address the
issue further.

National Guard advised her that the allegedly negligent guardsmen had been acting as employees of the federal government at the time of the injury. *Id.* Ultimately, the state court dismissed the case on the basis of sovereign immunity. *Id.* After dismissal, Perez filed her claim with the U.S. Army, and the Army denied it for failure to comply with the FTCA two-year statute of limitations. *Id.* Perez then filed suit in federal district court. *Id.* The district court dismissed the suit and refused to apply equitable tolling to save her claim. *Id.* The Fifth Circuit reversed and tolled the statute of limitations, finding that Perez's error was not a "garden variety claim of excusable neglect" because the "plaintiff took *some step* recognized as important *by the statute* [*i.e.*, the FTCA] before the end of the limitations period." *Id.* at 918 (emphasis added). The step taken was the state-court complaint placing the Texas National Guard on notice of the claim within the limitations period. *Id.*

This case is distinguishable because Dupree filed her state-court complaint more than two-years after the claim accrued. Thus, unlike Perez, Dupree did not "fil[e] a defective pleading during the statutory period." *Irwin*, 498 U.S. at 96. Nevertheless, Dupree argues that she provided statutory notice of her intent to sue within the two-year limitation period as required by section15-1-36(15) of the Mississippi Code. Even stretching the known exceptions in this way, the notice would not constitute "some step recognized as important *by the statute* before the end of the limitations period." *Perez*, 167 F.3d at 918 (emphasis added). To constitute valid notice to the United States under the FTCA, it must be timely received by the appropriate federal agency. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. . . ."). In *Perez*, the plaintiff's state-court suit put the U.S. Army on

7

notice less than one year after the plaintiff's injury occurred.  Here, Dupree provided notice only

to Dr. Hardeman and the Health Clinic, and did so five days before both the two-year FTCA and

the two-year state deadlines expired.  *See* Miss. Code Ann. § 15-1-36(1).  There is no evidence

that the appropriate federal agency received notice before the FTCA's limitations period expired.

*See Ramos*, 2011 WL 2342647, at *4 n.1 (letter to clinic requesting medical records did not

trigger equitable tolling).  As the party seeking equitable tolling, Dupree has not met her burden.

*Hood*, 168 F.3d at 232.

The *Perez* Court also recognized that in certain circumstances due diligence will exist

even if the plaintiff fails to timely identify the alleged tortfeasor as a federal employee.  But

several circuits take a different approach.  *See, e.g.*, *Norman v. United States*, 467 F.3d 773, 776

(D.C. Cir. 2006) (collecting cases and holding that "[a]t a minimum, due diligence requires

reasonable efforts to learn the employment status of the defendant.").  And while this Court

obviously follows the Fifth Circuit, the Fifth Circuit has not applied *Perez* in a medical-

malpractice context.  Those courts that have addressed the issue tend to be tougher on medical-

malpractice plaintiffs than on FTCA plaintiffs in other contexts.  *See*, *e.g.*, *Skwira*, 344 F.3d at 77

("Outside the medical malpractice context, however, the identity of the individual(s) responsible

for an injury may be less evident, and a plaintiff may have less reason to suspect governmental

involvement.  Not surprisingly, courts of appeals have been slightly more forgiving in these

cases. . . .").

Indeed a majority of circuit and district court cases hold that due diligence is absent when

medical-malpractice plaintiffs fail to determine their doctor's employment status within the

applicable two-year window.  *Garza v. U.S. Bureau of Prisons*, 284 F.3d 930, 936 (8th Cir.

2002) ("[T]he statute of limitations under the FTCA does not wait until a plaintiff is aware that

an alleged tort-feasor is a federal employee") (quoting *Gould*, 905 F.2d at 745 ("The burden is

on the plaintiff to discover the employment status of the tort-feasor and to bring suit within the

applicable limitations period"); *see also Ramos*, 2011 WL 2342647, at *3 (quoting *Garza*); *T.L.*

*ex rel. Ingram v. United States*, 443 F.3d 956, 964 (8th Cir. 2006) ("The statute of limitations is

not tolled, however, simply because a plaintiff is unaware that an alleged tortfeasor is a federal

employee.") (citing *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) ("To toll the

statute because of a plaintiff's ignorance of the defendant's federal employee status, plaintiff

"must at the very least show that the information *could not* have been found by a timely diligent

inquiry . . . .") (citation omitted)); *Gonzalez v. United States*, 284 F.3d 281, 291–92 (1st Cir.

2002) (no due diligence where plaintiff assumed case was state case and "failed to make any

inquiries whatsoever to confirm [her] assumption"); *Adkins v. United States*, No. 1:10–cv–0018,

2011 WL 666713, at *4 (S.D. Ind. Feb. 14, 2011 ); *Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d

657, 676 (N.D.W. Va. 2010) (refusing to apply equitable tolling in medical-malpractice case

where plaintiff failed to discover federal nexus within two years); *Jones v. United States*, No.

3:05cv-1163, 2007 WL 4557211, at 11 (M.D. Fla., Dec. 21, 2007) (same); *Martinez v. United*

*States*, No. CIVA 06CV01497 PSFPA, 2006 WL 3746708, at *8–9 (D. Colo. Dec. 18, 2006)

(same); *Cotter v. United States*, No. 1:06-CV-382, 2006 WL 3253289, at *5 (W.D. Mich. Nov.

8, 2006).  *But see Santos ex rel. Beato v. United States*, 559 F.3d 189, 202–03 (3d Cir. 2009)

(applying equitable tolling where plaintiff's "inquiries did not reveal that the apparently private

York Heath and its employees had been deemed to be federal employees subject to the FCTA").

As noted, equitable estoppel is used sparingly.  Yet "the issue of federally-funded health centers in FTCA cases is not an obscure or infrequent one."  *J.D. ex rel. Doe v. United States*, No. 10 Civ. 4296(DLC), 2011 WL 292010, at \*10–11 (S.D.N.Y. Jan. 28, 2011).  Dupree's case is simply not one of those rare instances where, despite diligent pursuit, the federal identity of her tortfeasor was undiscoverable.

Finally, equitable tolling can apply when due diligence is demonstrated and extraordinary circumstances stand in a plaintiff's way.  *Pace*, 544 U.S. at 418.  Here, Dupree makes no suggestion that the Government obstructed.  And although she claims that she could not have discovered Dr. Hardeman's employment status, the blanket assertion is neither sufficient nor supported in the record.  *See Gould*, 905 F.2d at 745–46 ("It will not suffice for plaintiffs to assert baldly that 'even due diligence would not have discovered the fact that the physicians' were federal employees.").

III.    Conclusion

This Court is not the first to recognize that the FTCA limitations period "may appear to be a trap for the unwary.  *Bryant*, 96 F. Supp. 2d at 555.  Nevertheless, statutes of limitations support important policy decisions made by the legislature.  So too, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed . . . in favor of the sovereign."  *Lane*, 518 U.S. at 192.  Dupree fails to demonstrate that she is entitled to equitable tolling, and the claims against the United States are therefore dismissed.  The remaining parties are instructed to contact the magistrate judge for a case management conference.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE